**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ysaac Geizzelez Blanco,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents | Case No.: 2:26-cv-02889-JAD-NJK<br><br>**Order Granting Motions to Enforce, for Limited Discovery, and to Extend Time**<br><br>[ECF Nos. 12, 14, 18] |

Petitioner Ysaac Geizzelez Blanco filed a pro se habeas petition in September 2026, seeking his release from immigration custody.[1] I appointed counsel and directed the respondents to produce a series of documents related to Blanco's immigration status, including "all immigration-court orders in the petitioner's removal proceeding" and "transcripts or audio recordings of any custody-redetermination proceedings."[2] I also prohibited the respondents from transferring Blanco out of this district, with the exception of effectuating the petitioner's lawful deportation.[3]

On October 20, 2026, Blanco filed a motion to enforce my order, representing that his counsel asked the respondents for "all records of [Blanco's] removal proceedings including the digital audio record (DAR) and/or transcripts of any pervious bond hearings and the record of proceedings (ROP) leading to [Blanco's] removal order."[4] The respondents produced audio recordings for Blanco's bond hearing, but they consistently refused to produce the information

---

[1] ECF No. 1.

[2] ECF No. 3 at 3 (cleaned up).

[3] *Id.* at 4.

[4] ECF No. 12 at 2.

related to his removal proceedings.[5] They did produce Blanco's removal order, which reflects that Blanco was granted "pre-conclusion voluntary departure" under 8 U.S.C. § 1229c.[6]

On October 27, 2026, the respondents filed a notice of removal, stating that Blanco "is scheduled to be transferred for effectuation of his lawfully issued voluntary departure granted within the next four days[.]"[7] In response Blanco filed an emergency motion to prevent his transfer or removal, contending that he "never knowingly requested or agreed to voluntary departure and only became aware of the [removal] order when he received a copy by mail in early September 2026" while he was in custody.[8] Blanco insists that he "never met with or spoke to any immigration judge regarding any application for voluntary departure" and he "did not knowingly or intentionally sign any document requesting it."[9] Blanco suggests that entry of the voluntary-departure order may have been error, and that error infected his bond-hearing determination: the immigration judge denied bond "based solely on the existence of the voluntary-departure order."[10]

Rule 6 of the Rules Governing § 2254 Cases permits parties to conduct discovery if good cause supports a specific request.[11] The respondents argue that documents related to Blanco's

---

[5] *Id.*

[6] ECF No. 16-1.

[7] ECF No. 13.

[8] ECF No. 14 at 2.

[9] *Id.* at 3.

[10] ECF No. 17 at 3.

[11] Rule 6 of the Rules Governing § 2254 Cases. I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b); ECF No. 3 at 3 n.4. The respondents contend that Federal Rule of Civil Procedure (FRCP) 26(a)(1)(B)—the rule governing initial disclosures—applies to Blanco's request, and that rule specifically excludes habeas petitions from its scope. ECF No. 16 at 1–2. But Blanco does not seek an initial

removal hearings have no relevance to his habeas petition challenging his detention, primarily because this court does not have jurisdiction to adjudicate whether his removal order was entered in error.[12] They also insist that Blanco requested voluntary departure "of his own volition," which "unquestionably negates the argument that the proceedings during which the [voluntary-departure order] was issued [are] relevant to his habeas petition."[13]

I find that Blanco has shown good cause for limited discovery into records of his removal proceedings. Blanco has shown that his request for bond was denied solely because he was subject to a voluntary-departure order.[14] At that bond hearing, Blanco attempted to explain that he did not request voluntary departure, and the immigration judge responded that "any document he would have been asked to sign" seeking voluntary departure "would have been in both English and Spanish," but she did not confirm "whether any such document exists or whether it is part of the record on which she" relied to deny his request.[15] If the immigration judge denied bond on the basis of a faulty record, Blanco may have a viable path for a constitutional challenge to his detention. So documentation related to his removal proceedings may be relevant to the legality of his detention, which this court has jurisdiction to adjudicate.

The respondents also contend, without any evidentiary support, that because the voluntary-departure order came out of an immigration court in Utah, they do not have immediate control over those documents and would need to submit an EOIR-59 form to retrieve that

---

disclosure, he seeks specific evidence related to his habeas petition. I find that FRCP 26(a)(1)(B) does not govern his request.

[12] ECF No. 16 at 2.

[13] *Id.*

[14] ECF No. 17 at 3.

[15] *Id.*

information.[16] "This is the same process that [Blanco's] counsel would use" to obtain the same documents, the respondents theorize, so there is no reason to require the respondents to obtain them.[17] I reject this contention. In an email exchange the respondents attached to their response, Blanco's counsel explained that she did file an EOIR-59 form, but she expected that it would be denied because she "is not a party in that matter" and only parties to the immigration proceedings can get documents with that form.[18] The respondents don't respond to that contention. Nor do they explain why the respondents—which include Attorney General Todd Blanche, the head of the Department of Justice that houses the Executive Office of Immigration Review—cannot retrieve documents within that agency's control. So I grant Blanco's motion for limited discovery and his motion to prohibit transfer or removal on the basis of his voluntary-departure order until his habeas petition is resolved.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Ysaac Geizzelez Blanco's motions to enforce the court's order and for limited discovery **[ECF Nos. 12, 14] are GRANTED**. **The respondents must produce to petitioner's counsel the following documents by November 13, 2026**:

- The complete record of proceedings, including transcripts or audio recordings, of any and all immigration-court hearing related to and including petitioner's voluntary-departure order; and

---

[16] ECF No. 16 at 3.

[17] *Id.*

[18] ECF No. 16-2 at 2.

- Any and all immigration-court pleadings and exhibits or other documentary evidence on which the decisions in both petitioner's removal proceedings and bond proceedings rely.

**The respondents must not remove the petitioner or transfer him from this district on the basis of his voluntary-departure order until the court resolves his habeas petition.**

IT IS FURTHER ORDERED that the petitioner's motion to extend time to file an amended petition **[ECF No. 18] is GRANTED. The amended petition is now due on November 20, 2026.**

U.S. District Judge Jennifer A. Dorsey
November 2, 2026